IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARIANA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA RIVERA LLAMAS, et al,<br><br>Defendants. | CIVIL NO.: 24-1547 (ADC) |

**OPINION AND ORDER**

Before the Court is plaintiff Ariana Smith's ("Plaintiff") motion to disqualify Defendants' counsel, attorney Roberto Sueiro ("Counsel Sueiro"), due to an alleged impermissible conflict of interest between defendants Sandra Rivera Llamas ("Dr. Rivera Llamas") and Beaumedics LLC ("Beaumedics") (collectively "Defendants"). ECF No. 12. Beaumedics filed their opposition to Plaintiff's motion for disqualification on March 6, 2025, alleging that Plaintiff's motion is unsupported by evidence and no such conflict of interest exists between the parties. ECF No. 15.

The motion to disqualify counsel was referred to the undersigned for disposition. ECF No. 13. For the reasons that follow, Plaintiff's motion to disqualify counsel (ECF No. 12) is DENIED.

**I.  BACKGROUND**

Plaintiff alleges that she suffered physical injuries, pain and suffering, and emotional distress after Defendants negligently performed a cosmetic treatment at Beaumedics' place of business on November 29, 2023. ECF No. 1 at 2, ¶ 8. Plaintiff alleges that the treatment was administered by an employee of Beaumedics named Melody Ancira ("Mrs. Ancira"), who failed to clean the treatment areas, improperly operated the machine, and ignored Plaintiff's complaints of pain during the procedure, resulting in first, second, and third-degree burns. *Id*. at 2, ¶¶ 12-13.

As a result, on November 27, 2024, Plaintiff filed a Complaint, alleging negligence, failure to train, failure to supervise, and negligent infliction of emotional distress. *Id*. at 3-6, ¶¶ 22-33.

After receipt of the Complaint, Dr. Rivera Llamas consulted with Counsel Sueiro and asked for his legal representation. ECF No. 15-7 at 3, ¶ 15. On December 9, 2024, Counsel Sueiro sent Plaintiff a "Safe Harbor Rule 11 Letter." ECF No. 12-1. Subsequently, Beaumedics determined that Counsel Sueiro should be the attorney representing Beaumedics, even though he wrote an initial letter to Plaintiff's counsel representing Dr. Rivera Llamas. ECF No. 15 at 7. Dr. Rivera Llamas, as the sole shareholder of Beaumedics, provided informed consent, in writing, to Counsel Sueiro's representation of Beaumedics. ECF No. 15-7 at 3, ¶¶ 17-18; ECF No. 15-12. Thus, on January 22, 2025, Counsel Sueiro filed an Answer to the Complaint on behalf of Beaumedics. ECF No. 10. On January 23, 2025, a different attorney, Vicente Santori Margarida, filed an Answer on behalf of Dr. Rivera Llamas. ECF No. 11.

## II.   APPLICABLE LEGAL STANDARD

### A.  Motion to Disqualify

When analyzing motions for disqualification, federal district courts look to the local rules promulgated by the district court itself. *Ashe v. Distribuidora Norma Inc.*, 2012 WL 12995645, at *2 (D.P.R. Sept. 25, 2012). "The standards for the professional conduct of attorneys in the U.S. District Court for the District of Puerto Rico are the Model Rules of Professional Conduct adopted by the American Bar Association, as amended." *United States v. Morrell-Corrada*, 343 F.Supp.2d 80, 84 (D.P.R. 2004); *see also* Local Civ. R. 83E(a) ("[i]n order to maintain the effective administration of justice and the court integrity, each attorney admitted or permitted to practice before this court shall comply with the standards of professional conduct required by the Model Rules of Professional Conduct ... adopted by the American Bar Association."); 28 U.S.C. § 332(d) (2004) (requiring each circuit's judicial council of to review and repeal local rules inconsistent

those prescribed by the Supreme Court). The Court thus adopts the ABA's Model Rules of Professional Conduct ("Model Rules") to govern this motion for disqualification.

### B. Conflict of Interest

Plaintiff argues that there is a conflict of interest between co-defendants Beaumedics and Dr. Rivera Llamas. "A motion to disqualify an attorney is an accepted and adequate way for a litigant to bring a potential conflict of interest to the Court's attention." *Rivera Molina v. Casa La Roca*, LLC, 546 F.Supp.3d 108, 110 (D.P.R. 2021); *see also* S*outhwire Co. v. Ramallo Brothers Printing, Inc.*, 2009 WL 3429773, at *1 (D.P.R. Oct. 19, 2009). However, a court must also be careful as "disqualification motions can be tactical in nature, designed to harass opposing counsel, and ... 'the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.'" *Kevlik v. Goldstein*, 724 F.2d 844, 848 (1st Cir. 1984) (quoting Preamble to Model Rules for Professional Conduct); *see also Reyes Cañada v. Rey Hernández*, 193 F.Supp.2d 409, 411 (D.P.R. 2002). As such, motions to disqualify "must be examined with caution." *Combustion Engineering Caribe, Inc. v. Geo P. Reintjes Co., Inc.*, 298 F.Supp.2d 215, 219 (D.P.R. 2003). In weighing the parties' arguments, "courts must balance a client's right to be represented by an attorney of their choice and the integrity of the legal system." *Somascan Plaza, Inc. V. Siemens Medical Systems, Inc.*, 187 F.R.D. 34, 37 (D.P.R. 1999).

Conflicts of interest can involve conflicts between current clients and former clients, or between concurrent clients. Model Rule 1.7 regulates concurrent conflicts of interest that arise when "there is a significant risk that the representation of one or more clients would be materially limited by the lawyer's responsibility to another client, a former client or a third person or by a personal interest of the lawyer." Model Code of Pro. Conduct r.1.7(a)(2) (Am. Bar. Ass'n 2024). A lawyer may nevertheless represent a client if: (1) the attorney reasonably believes that he or she can provide competent and diligent representation of the affected client(s), and (2) the affected

client(s) has given informed consent in writing. *Id*. at 1.7(b). Such concurrent conflicts of interest may arise is cases in which counsel represents both an organization and its employees. Pursuant to Model Rule 1.13(g), an attorney may represent both an organization and "any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7." Model Code of Pro. Conduct r.1.3(g) (Am. Bar. Ass'n 2024).

The moving party bears the burden of proof on a motion to disqualify. *Velázquez-Vélez v. Molina-Rodríguez*, 235 F.Supp.3d 358, 361 (D.P.R. 2017); *Starlight Sugar Inc. v. Soto*, 903 F.Supp. 261, 266 (D.P.R. 1995). "For this purpose, naked claims that the attorney received confidential information from his prior (and now adverse) client do not suffice." *Molina-Rodríguez*, 235 F. Supp. at 361–62. *See also* Estrada, 632 F. Supp. at 1175 ("To disqualify a party's chosen attorney is a serious matter which could not be supported by the mere possibility of a conflict"). Instead, "the moving party must allege the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter representation." *Starlight Sugar Inc.*, 903 F. Supp. at 265. Thus, simply asserting "that confidential information was exchanged in a prior representation will not suffice to create the 'irrebuttable presumption' of shared confidences that is so frequently spoken of in this area of the law." *Id*. Taking these competing interests into consideration, the "mere possibility of a conflict" is insufficient to justify disqualification. *Reyes Cañada*, 193 F.Supp.2d at 411 (citing *Somascan*, 187 F.R.D. at 37).

**III.   ANALYSIS**

Plaintiff argues that a conflict of interest exists in Counsel Sueiro's former representation of Dr. Rivera Llamas and current representation of Beaumedics because Counsel Sueiro cannot argue on Beaumedics' behalf without "violating ethical duties of loyalty and confidentiality" to Dr. Rivera Llamas or "zealously advocate for Beaumedics without undermining his former client's

4

position." ECF No. 12 at 9. Specifically, Plaintiff argues that Defendants' defenses are "likely" to directly conflict with one another. ECF No. 12 at 4. For example, Plaintiff argues that each defendant "may" argue that the other acted independently and bears sole liability for the alleged negligence. ECF No. 12 at 4. Plaintiff makes a similar argument with regard to supervision and control over Mrs. Ancira and the premises, and with regard to ownership and use of the equipment. *Id*. at 9-10. In other words, Plaintiff forecasts scenarios where one defendant could deny supervision and control over Mrs. Ancira or over the premises, or deny ownership and use of the equipment, and shift liability to the other defendant. Beaumedics, on the other hand, argues that no ethical obligations under the Model Rules have been violated and Plaintiff's accusations are based on "incorrect assumptions" and "pure speculation." ECF No. 15 at 1, 12. Upon closer examination of the parties' submissions, there is no apparent confidentiality interest at stake or conflict of interest for Beaumedics caused by Counsel Sueiro's former representation of Dr. Rivera Llamas. *Combustion Engineering Caribe, Inc.,* 298 F.Supp.2d at 221.

First and foremost, Dr. Rivera Llamas consented to Beaumedics' retention/recruitment of Counsel Sueiro despite his previous role in preparing the Rule 11 letter to represent Dr. Rivera Llamas early in the litigation.[1] ECF No. 15-7 at 3, ¶¶ 17-18; ECF No. 15-12. The rules dealing with conflicts of interest are chiefly concerned with protecting the client's confidential disclosures to the attorney and ensuring the attorney's loyalty to the client's interests. *Combustion Engineering Caribe, Inc.,* 298 F.Supp.2d at 220. Thus, "courts must balance a client's right to be represented by

---

[1] Rule 1.13(g) does provide that if the organization's consent is required under Rule 1.7, "the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders." Model Code of Pro. Conduct r.1.3(g) (Am. Bar. Ass'n 2024). Paragraph (g) recognizes that a lawyer for an organization may also represent a principal officer or major shareholder. Here, Dr. Rivera Llamas is the only shareholder/member of Beaumedics that could give consent.

5

an attorney of their choice and the integrity of the legal system." *Somascan Plaza*, 187 F.R.D. at 37. The parties' arguments and supporting documentation will be considered under this prism.

Plaintiff does not provide any evidence of an actual conflict of interest. Instead, Plaintiff speculates as to what defenses each Defendant *might* use. "To disqualify a party's chosen attorney is a serious matter which [can] not be supported by the mere possibility of a conflict." *Estrada*, 632 F.Supp at 1175. Instead, Plaintiff must allege "the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter representation." *Starlight Sugar Inc.*, 903 F. Supp. at 265. Here, Plaintiff's reasons for the disqualification of Counsel Sueiro are all based on the assumption that the defenses of Beaumedics and Dr. Rivera Llamas are *likely* to be at odds. However, Beaumedics has provided an unsworn statement under penalty of perjury from Dr. Rivera Llamas and supporting documentation that put Plaintiff's speculations to rest.

The documentation and information provided by Beaumedics shows that the interests of Dr. Rivera Llamas and Beaumedics are aligned and not directly adverse against each other. Beaumedics is a limited liability company. ECF No. 15-7 at 1, ¶ 3; ECF Nos. 15-1; 15-2. Dr. Rivera Llamas is the registered agent, President, and only shareholder of Beaumedics. ECF No. 15-7 at 1, ¶ 2; ECF No. 15-1. The affirmative defenses raised by Dr. Rivera Llamas and Beaumedics in their Answers to the Complaint are the same. *Compare* ECF No. 10 and ECF No. 11. Thus, the probability of Defendants advancing conflicting defenses in this case is low. The documentation and statements under penalty of perjury provided to the Court in opposition to Plaintiff's motion for disqualification support this. Defendants contend that Plaintiff's damages were due to the negligent acts or omissions of a third-party, Mrs. Ancira, for which neither defendant is liable. ECF No. 10 at 4, ¶¶ 4.; ECF No. 11 at ¶¶ 4. Defendants further contend that at all relevant times in this lawsuit, Mrs. Ancira was not an employee of either defendant. ECF No. 10 at 4, ¶¶ 8.; ECF No. 11

at ¶¶ 8. Moreover, Defendants proffer that the treatment was administered by Mrs. Ancira's own company, who had an agreement with Dr. Rivera Llamas to lease out of a space in the Beaumedics office, and that the equipment used to administer the treatment was purchased by and owned by Mrs. Ancira. ECF No. 10 at 4, ¶¶ 8, 10-12; ECF No. 11 at ¶¶ 8, 10-12. In sum, Defendants argue that Mrs. Ancira acted individually and independently when administering the treatment to Plaintiff. ECF No. 10 at 4, ¶¶ 9.; ECF No. 11 at ¶¶ 9. According to the documentation submitted by Beaumedics, Beaulaser is owned by Mrs. Ancira and is registered with the government's commercial general registry as a separate commercial entity to Beaumedics, with separate commercial entity numbers and employer identification numbers. ECF No. 15-7 at 1, ¶¶ 4-6; ECF Nos. 15-1, 15-2, 15-3, 15-4, 15-5, 18-1. Dr. Rivera Llamas rented out the space to Beaulaser in a lease. ECF No. 15-7 at 2, ¶ 7. Apart from rent, Beaumedics did not receive "any commissions, percentages, or quid pro quo from the income generated by" Mrs. Ancira or Beaulaser. ECF No. 15-7 at 2, ¶ 8. Furthermore, the machine used to administer the cosmetic treatment at issue, the Emsculpt machine, was bought by Mrs. Ancira to be used in the Beaulaser business. ECF No. 15-7 at 2, ¶¶ 10, 13; ECF No. 15-8. Beaumedics did not buy their own Emsculpt machine until March 26, 2024, after Beaulaser was no longer a tenant and much after Plaintiff allegedly suffered her injuries.[2] ECF No. 15-7 at 2, ¶¶ 13-14; ECF No. 15-11.

      This information, taken together with Defendants' Answers to the Complaint, show that not only are the interests of Beaumedics and Dr. Rivera Llamas aligned, but their defenses are as well. Therefore, Plaintiff failed to meet her burden, and the Court should not take the extreme measure of disqualification of Counsel Sueiro as counsel for Beaumedics. *See Starlight*, 903 F.Supp. at 265 (finding that simply asserting "that confidential information was exchanged in a

---

[2] Plaintiff allegedly suffered her injury from the Emsculpt machine on November 29, 2023. ECF No. 1 at 2, ¶ 8.

prior representation will not suffice to create the 'irrebuttable presumption' of shared confidences that is so frequently spoken of in this area of the law."); *see also Reyes Cañada*, 193 F.Supp. 2d at 411 (noting that motions to disqualify should be approached with cautious scrutiny because they are often used for strategic purposes).

Additionally, Plaintiff argues that the website, which allegedly advertised the treatment received by Plaintiff, was taken down and Counsel Sueiro "has taken no action, to Plaintiff's knowledge, to address or confirm the preservation of this evidence." ECF No. 12 at 5. However, Dr. Rivera Llamas informed the Court in her sworn statement under penalty of perjury that "Beaumedics, LLC never advertised anywhere the services offered by Beaulaser, LLC in any media nor in its building." ECF No. 15-7 at 2, ¶ 12. Instead, Beaumedics advertised their own Emsculpt services; however, this was not until *after* Plaintiff allegedly suffered her injuries and *after* Beaulaser had stopped offering its services and was no longer renting space from Beaumedics to conduct its business. *Id*. at ¶¶ 13-14. Plaintiff allegedly suffered her injury on November 29, 2023. ECF No. 1 at 2, ¶ 8. Beaumedics did not advertise its own Emsculpt services until March 2024. ECF No. 15-7 at 3-4, ¶ 14. Counsel Sueiro offered, in the Rule 11 letter, to provide all this evidence to Plaintiff's counsel, but Plaintiff's counsel never allegedly reached out to schedule a meeting or inquire into the referenced evidence.[3] *Id*. at ¶¶ 18-19; ECF No. 15-12.

In sum, the statement under penalty of perjury from Dr. Rivera Llamas, and its supporting documentation, shows that Defendants' interests are aligned and informed written consent was

---

[3] Plaintiff advances a conflict of interest argument regarding the preservation of the website, arguing that Counsel "Sueiro's prior role as counsel for Dr. Rivera [Llamas] may hinder his ability to act diligently in preserving evidence that implicates both defendants." *Id*. at 5. Specifically, Plaintiff proffers that the Beaumedics website, which Plaintiff visited prior to the filing of the Complaint, included references to the cosmetic treatment in question, potentially linking Dr. Rivera Llamas to the services, "which could inevitably harm Dr. Rivera [Llamas's] defense." *Id*. In other words, Plaintiff is again concerned with Dr. Rivera Llamas and Beaumedics shifting liability to the other. However, as previously discussed, the interests of Dr. Rivera Llamas and Beaumedics are not conflicting; therefore, this argument does not warrant disqualification of Counsel Sueiro.

given for Counsel Suiero's representation. Further, Defendants have presented the same defense that Mrs. Ancira was not an employee of Dr. Rivera Llamas or Beaumedics, Mrs. Ancira only rented a space in Beaumedics' building, and Defendants' advertising contract for the Emsculpt machine was entered into *after* Plaintiff's alleged injuries occurred. Plaintiff has not provided any evidence to rebut these assertions. Therefore, the Court finds no conflict of interest warranting disqualification. Accordingly, Plaintiff's motion to disqualify counsel (ECF No. 12) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of May, 2025.

s/Marcos E. López  
U.S. Magistrate Judge